# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GREGORY MORENO, ID #002001-6,<br><br>                      Plaintiff,<br><br>vs.<br><br>JACK BEEBE,<br><br>                      Defendant. | Case No.   15-cv-2913 LAB (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **PURSUANT TO 28 U.S.C. § 1915(a) [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Gilbert Gregory Moreno ("Plaintiff"), a mentally disordered offender, currently involuntarily detained at Coalinga State Mental Hospital ("CSMH"), is proceeding pro se in this action pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).[1] Plaintiff has not

---

[1] The Court takes judicial notice of a similar action filed by Plaintiff in *Moreno v. Wright*, S. D. Cal. Civil Case No. 15cv2329 LAB (BLM), in which he alleged he is currently being held at CSMH pursuant to California's Mentally Disordered Offender (MDO) statute. *See* Compl., ECF Doc. No. 1, at 4; CAL. PENAL CODE §§ 2960 et seq. Pursuant to this statute, an individual convicted of certain enumerated crimes and meeting other criteria may be civilly committed for "involuntary treatment of a severe mental disorder" at a state psychiatric hospital as a condition of parole. *People v. McKee*, 47 Cal.4th 1172, 104 Cal. Rptr. 3d 427, 223 P.3d 566, 576-577 (Cal. 2010); CAL. PENAL CODE §§ 2962; 2966; *see also Simpson v. Brewster*, No. 1:14CV01536-MJS- PC, 2015 WL 1012827, at *2 (E.D. Cal. Mar. 6, 2015).

prepaid the filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ["SVPA"], while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, . . . ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA.").

Because Plaintiff is involuntarily detained at CSMH as a result of having been involuntarily committed as a mentally disordered offender, he does not currently qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not appear applicable to this case. *Page*, 201 F.3d at 1140.

Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is GRANTED (ECF Doc. No. 2).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere

possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.   Allegations in Plaintiff's Complaint

While far from clear, it appears Plaintiff seeks to employ the Civil Rights Act to "file[] criminal charges" against Jack Beebe, because he "was going to testify against [Plaintiff]," in unidentified San Diego Superior Court proceedings and "lie" because he "didn't like [Plaintiff]" who "never broke the law." Compl. at 3. Plaintiff claims Beebe's potential testimony "pressur[ed]" him into entering a plea bargain, and resulted in his "false imprisonment." *Id.* at 3-5. Plaintiff seeks $100,000 in damages and "jail time for Mr. Beebe," based on his "obstruction of justice." *Id.* at 4, 5.

### C.   42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, the Plaintiff must allege facts to show: (1) the violation of a rights secured by the Constitution or laws of the United States, and (2) that the alleged deprivations were committed by persons acting under the

/ / /

color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). He has done neither.

First, Plaintiff's Complaint lacks any allegation that the sole named Defendant, Jack Beebe, a "pool cleaner" who appears to have been a potential witness against him in criminal proceedings which resulted in Plaintiff's arrest or civil commitment, *see* Compl. at 2, acted "under color of state law." *West*, 487 U.S. at 48; *see also Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'").

Second, even if Plaintiff had or could allege facts to show that Beebe acted under color of state law, Plaintiff still has no recourse under § 1983 because he has alleged no violation of a Constitutional right, and the Civil Rights Act does not include a private cause of action based on alleged violations of criminal law like the "obstruction of justice" which Plaintiff alleges Beebe committed here. *See* Compl. at 4.

Section 1983 only "creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). To the extent Plaintiff alleges violations of state law, or claims the deprivation of a state-created interests that reach beyond those guaranteed by the federal Constitution, "[s]ection 1983 offers no redress." *Id.*; *see also Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (explaining that a violation of state law may not form the basis of a section 1983 action); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th Cir. 1999) (affirming dismissal of alleged violations of 16 sections of the California Penal Code and one violation of the California Health and Safety Code on grounds that "these code sections do not create enforceable individual rights."). When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions vested in the discretion of a prosecutor. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (prosecution of

state officials for alleged violation of inmates' federal civil rights is within the discretion of the U.S. Attorney). Criminal statutes generally do not provide any express private cause of action or other basis for civil liability, *see, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit), and the Supreme Court has noted that a private right of action under a criminal statute has rarely been implied. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

Therefore, without more, Plaintiff's Complaint must be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failing to state a claim upon which § 1983 relief can be granted. *Lopez*, 203 F.3d at 1127.

### D.    Leave to Amend

Finally, while FED. R. CIV. P. 15(a)(2) provides that "[t]he court should give leave [to amend] freely when justice so requires," the Court further finds that amendment under the circumstances of this case would be futile.[3] *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (citing *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)).

### III.    CONCLUSION AND ORDER

For the reasons explained, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2);

/ / /

---

[3] Amendment is futile because even if Plaintiff could somehow allege facts to show Beebe acted under color of state law *and* in so doing deprived Plaintiff of some constitutional right by proffering sworn testimony related to Plaintiff's underlying criminal or civil commitment proceedings, Beebe would be entitled to absolute immunity. *See Briscoe*, 460 U.S. at 334 ("At least with respect to private witnesses, it is clear that § 1983 did not abrogate the absolute immunity existing at common law...."); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) ("[W]e hold that witnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony.").

2. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. **DENIES** leave to amend as futile and **CERTIFIES** that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: March 15, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge